IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Travis Gathers, | ) | C/A No.: 0:19-1156-CMC-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Ryan Thomas, | ) | |
| Defendant. | ) | |

Travis Gathers ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. All pretrial proceedings in this case have been referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). This matter comes before the court on the following motions filed by Plaintiff: (1) motions to compel discovery [ECF Nos. 20, 21, 32] and (2) motion for issuance of a subpoena [ECF No. 30].

In his first motions to compel discovery and production of documents filed August 5, 2019 [ECF No. 20, 21], Plaintiff argues Defendant has failed to respond to outstanding discovery. In his September 9, 2019 motion to compel [ECF No. 32], he states that he received responses, but that they were confiscated by New York prison officials because the mailing contained a red USB device. Defendant is directed to immediately, but no later than September 13, 2019, mail Plaintiff hard copies of the discovery responses and

to file a certificate of service on the docket demonstrating the discovery has been served. Plaintiff's motions to compel [ECF Nos. 20, 21, 32] are denied as moot without prejudice to refile should Defendants fail to serve him with the hard copies of the discovery.

In his September 9, 2019 motion, Plaintiff also requests an extension of the scheduling order. [ECF No. 32].[1] However, the deadline for the completion of discovery expired on July 29, 2019. The deadline for dispositive motions is September 30, 2019, and Plaintiff should be in receipt of the discovery responses in ample time to respond to any dispositive motion filed by Defendant. Therefore, Plaintiff's motion for an extension of the scheduling order [ECF No. 32] is denied.

Plaintiff also filed a motion for issuance of a subpoena to the York County Clerk of Court for the transcript of an August 2018 hearing dismissing indictments. Plaintiff's motion was filed September 3, 2019, over 30 days after the deadline for discovery expired. Additionally, Plaintiff tendered no payment for the requested documents nor demonstrated an ability to pay in the future. There are costs associated with a subpoena for documents, such as the cost of the copies and the cost of serving the subpoena. *See Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (holding

---

[1] Although Plaintiff's motion states he is only requesting a 30-day extension, the dates he requests reflect a 90-day extension.

2

inmates proceeding under 28 U.S.C. § 1915 are not entitled to have their discovery costs underwritten or waived); *see also Nance v. King*, No. 88-7286, 1989 WL 126533, at *1 (4th Cir. Oct. 18, 1989) (unpublished opinion). Finally, Defendant's response conceded the indictments were dismissed and indicated he did not intend to rely on the indictments. [ECF No. 31]. For all of these reasons, Plaintiff's motion for issuance of a subpoena is denied.

    IT IS SO ORDERED.

*Shiva V. Hodges*

September 11, 2019　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　United States Magistrate Judge