IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Travis Gathers, | ) | C/A No.: 0:19-1156-SAL-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Ryan Thomas and Brooks Felment, | ) | |
| Defendants. | ) | |

This matter comes before the court on defendant Thomas'ss motion to compel discovery responses from Plaintiff [ECF No. 42] and Plaintiff's motion to compel discovery responses from Thomas [ECF No. 53].

I. Defendants' Motion to Compel

Thomas filed his motion to compel supplemental discovery responses from Plaintiff on December 4, 2019. [ECF No. 42]. The court ordered Plaintiff to respond to the motion by December 16, 2019. [ECF No. 43]. On December 9, 2019, Plaintiff filed a notice of change of address. [ECF No. 45]. On December 26, 2019, the undersigned's order directing Plaintiff to file a response to the motion to compel was returned in the mail as undeliverable, as it had been sent to Plaintiff's previous address. [ECF No. 54]. Because the certificate of service Thomas filed with the motion also indicated it had been mailed to Plaintiff's prior address, the court directed the Clerk's office to mail

the motion to compel to Plaintiff's new address and permitted him until January 6, 2020, to file a response. [ECF No. 58].

To date, Plaintiff has failed to file a response to Thomas's motion. Plaintiff having failed to dispute the motion, the undersigned grants Thomas's motion to compel. Plaintiff is directed to supplement the deficiencies in his discovery responses by January 31, 2020.

II.     Plaintiff's Motion to Compel

Plaintiff's motion to compel seeks more specific responses to selected interrogatories and requests for production. Specifically, he complains that in response to Interrogatory No. 8, Thomas provides only the date in which AT&T provided records, instead of the date Thomas reviewed the records. [ECF No. 53-1 at 2]. In response, Thomas argues there is a notation in the documents that he reviewed the records on April 10, 2017. [ECF No. 60]. Defendant is directed to formally supplement his discovery responses with this information for clarity pursuant to Fed. R. Civ. P. 33 by January 31, 2020.

Plaintiff also argues Thomas failed to produce sufficient documents in response to Request for Production No. 1(f). It appears Thomas provided the information as an attachment to his response to the motion. *See* ECF No. 60-1. As Plaintiff has not filed a reply, and therefore does not appear to object to Thomas's supplemental production, the issue is moot.

Lastly, Plaintiff argues Thomas failed to provide all of the documents from AT&T in his response to Request for Production No. 1(h). In response, Thomas notes Plaintiff requested only the disclaimer related to the documents, which was produced. [ECF No. 60 at 3–4]. Thomas also produced the full records for the days in question and states that the records for the other days are not relevant, as they were not relied on in making the arrests. *Id*. As Plaintiff did not file a reply or otherwise argue why such documents are relevant, his motion to compel is denied as to No. 1(h).

III. Conclusion

For the foregoing reasons, the undersigned grants Thomas's motion to compel [ECF No. 42] and grants in part and denies in part Plaintiff's motion to compel [ECF No. 53]. The parties are directed to supplement the discovery in accordance with this order by January 31, 2020. Failure to timely provide supplemental discovery responses may result in sanctions, including an award of attorneys' fees, dismissal of this action for failure to cooperate in discovery, or striking of a pleading.

IT IS SO ORDERED.

January 17, 2020
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge