IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis Gathers, ) | C/A No.: 0:19-1156-SAL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Ryan Thomas and Brooks Felment, ) | |
| police officers in their individual ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the court on the motions to dismiss or for other sanctions and/or to compel discovery filed by Ryan Thomas ("Thomas") and Brooks Felment ("Felment") (collectively, "Defendants"). [ECF Nos. 68, 73].

I. Background

Plaintiff, proceeding pro se and in forma pauperis, filed his complaint in this case on April 19, 2019, and has amended his complaint twice thereafter. [ECF Nos. 1, 19, 50].[1] Discovery has been contentious, with the parties filing multiple motions to compel [ECF Nos. 20, 21, 32, 42, 53].

As relevant here, Thomas served Plaintiff with interrogatories and requests for production, and, on November 14, 2019, Plaintiff served answers

---

[1] Plaintiff's complaint and first amended complaint were against Thomas. Plaintiff's second amended complaint added Felment as a defendant in this action.

in response. [ECF Nos. 68-2, 68-3]. Thomas thereafter filed a motion to compel, arguing Plaintiff's answers were insufficient, to which Plaintiff did not respond. [ECF No. 42].

On January 13, 2020, counsel for Defendants received Plaintiff's supplemental responses. [ECF No. 68-4]. On January 17, 2020, Defendants' counsel served Plaintiff with interrogatories and requests for production on behalf of Felment and sent a letter to Plaintiff informing him that his supplemental responses to Thomas's discovery requests were inadequate. [ECF Nos. 68-5, 73-2, 73-2]. Also on January 17, 2020, the court issued an order granting Thomas's motion to compel and ordering Plaintiff to supplement his deficiencies in his discovery responses by January 31, 2020. [ECF No. 66].

On February 10, 2020, counsel for Defendants received Plaintiff's second supplemental responses to Thomas's discovery requests, which counsel argues remain inadequate, and counsel asserts that Plaintiff has not provided any discovery responses to Felment. [ECF No. 68-1 at 3, ECF No. 68-6, ECF No. 73-1 at 1].[2]

More specifically, Defendants' counsel represents that in addition to Plaintiff's failure to respond to Felment's discovery requests [ECF No. 73-1], Plaintiff's second supplemental discovery responses does not comply with the

---

[2] Plaintiff represents he sent his second supplemental responses on February 3, 2020, after his previous attempt to send the responses was returned to him due to insufficient postage. [ECF No. 86-1 at 2–3].

2

court order granting Thomas's motion to compel regarding: (1) interrogatory 3, which requires Plaintiff to provide a list of all documents, recordings, and other exhibits that relate in any way to the claims or defenses in the pleadings and (2) request for production 9, which requires records of employment income from 2012 to 2017. [*See* ECF No. 68-1].[3]

On February 11, 2020, and February 28, 2020, Defendants filed the instant motions to dismiss or for sanctions and/or to compel discovery. [ECF Nos. 68, 73]. In these motions, Defendants seek an order dismissing this action with prejudice or imposing other sanctions, and/or requiring Plaintiff to fully answer Defendants' discovery requests, and for an extension of time for dispositive motions to be due, if necessary. [ECF No. 68 at 1, ECF No. 73 at 1].[4] Plaintiff filed an untimely response to Thomas's motion, but has failed to file a timely response to Felment's motion. [*See* ECF Nos. 83, 85, 86].

II.   Discussion

Taking into account Plaintiff's pro se status and the Fourth Circuit's strong preference for courts to decide matters on their merits, the court declines Defendants' invitation to dismiss the instant action or to issue

---

[3]   Defendants also note that Plaintiff provided responses to requests for production 4 and 5 "that [did] not clearly respond." [ECF No. 68-1 at 4]. However, Plaintiff has since provided a response, "while untimely," that "appears to resolve this issue." *Id.*

[4] On February 13, 2020, the court suspended the deadline for dispositive motions pending ruling on Thomas's motion to dismiss or further order of the court. [ECF No. 71].

3

sanctions pursuant to Fed. R. Civ. Pro. 37 and 41. However, the court is cognizant that Plaintiff has repeatedly failed to participate in the discovery process in a timely fashion. Plaintiff was previously informed when the court granted Thomas's motion to compel that Plaintiff's failure to timely provide supplemental discovery responses may result in sanctions, including an award of attorneys' fees, dismissal of this action for failure to cooperate in discovery, or striking of a pleading. [ECF No. 66 at 3]. Plaintiff is so reminded and given explicit and clear notice of the court's intent to dismiss this action with prejudice or to impose lesser sanctions, including granting Defendants' attorneys' fees and costs, if Plaintiff fails again to timely provide supplemental discovery responses. *See Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 472 (4th Cir. 1993) ("Requiring district courts to provide explicit and clear notice when they intend to dismiss the plaintiff's action with prejudice if he fails to satisfy its conditions promotes our strong preference that cases be decided on their merits.").

The court rejects Plaintiff's argument that he has provided full and complete responses to Defendants' discovery requests and complied with the court's order granting Thomas's motion to compel. [*See* ECF No. 86 at 1]. First, although Plaintiff argues that Thomas's interrogatory 3 is unclear and requires no more from him than what he has provided, the court disagrees. Plaintiff is directed to provide a list of all specific documents, recordings, or

4

other exhibits that relate in any way to the claims or defenses raised in the pleadings, not just a list of the categories of documents that Plaintiff argues is sufficient.[5] Likewise, Plaintiff is directed to fully respond to Thomas's request for production 9. Plaintiff does not dispute he has not provided the following, as identified by Defendants: "his earnings and expenses from his barbering services in 2015, and from all business he conducted in 2016 and in the portion of 2017 before he was arrested." [ECF No. 87 at 4].[6] Finally, Plaintiff has offered no argument why he has failed to respond to Felment's requests for discovery, and the time to do so is well past.

III.   Conclusion

In sum, Defendants' motions to compel are granted. Plaintiff is directed to provide complete discovery responses Felment's discovery requests and to Thomas's interrogatory 3 and request for production 9 by July 24, 2020. The

---

[5] As noted by Defendants, this request does not "require the Plaintiff to provide a list of the voluminous documents and other materials the Defendant provided to the Plaintiff in his discovery response," and instead requires "the Plaintiff to list with specificity every document in this possession that was not provided to him by the Defendant in those responses." [ECF No. 87 at 3 n.2]. In short, Plaintiff must provide to Defendants the documentary evidence he has that may be involved in his case. If he has no such documents, then he is to so state.
[6] The court rejects Plaintiff's argument that because he worked as a barber, he has no documentation regarding income received from that employment. [*See* ECF No. 86-1 at 5]. As noted by Defendants, even if Plaintiff did not have income tax returns for those years, "[t]he interrogatory also asked for bank records and any other documentation, which would include a cash receipt journal or some other form of cash documentation." [ECF No. 87 at 4].

deadline for filing dispositive motions is extended to September 1, 2020. The court will issue an amended scheduling order to reflect this order.

IT IS SO ORDERED.

*Shiva V. Hodges*

July 9, 2020
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

6